## LEWIS *v.* LUCKETT.

APPEAL AND ERROR; APPEAL BONDS; WILLS; TRIAL; PROCESS; NONRESI-
DENTS.

1. An appeal will not be dismissed on motion of the appellee, on the ground
   that the appeal bond is dated prior to the date of the decree appealed
   from, where the record shows that, subsequent to the date of the
   decree, appellee's attorneys indorsed on the bond which had been
   theretofore filed, "This bond is satisfactory to be reapproved," and
   the court thereupon accepted and approved the bond.

2. The proceedings under the caveat to a will, including the final order ad-
   mitting the will to probate after the trial by jury of issues framed
   to test its validity, will not be declared void at the instance of the
   caveator, who participated in the proceedings, on the ground that
   there was no publication against unknown heirs until after the ver-
   dict sustaining the will.   (Citing *Dugan* v. *Northcutt,* 7 App. D. C.
   351, and *Re Dalgren,* 30 App. D. C. 588.)

No. 1942.   Submitted November 4, 1908.   Decided November 16, 1908.

HEARING on an appeal by the caveator from an order of the
Supreme Court of the District of Columbia admitting a will to
probate after a trial by jury of issues framed to test its validity,
the verdict having been for the caveatees.              *Affirmed.*

The COURT in the opinion stated the facts as follows:

In this appeal a reversal is sought of an order of the supreme court of the District sitting as a probate court, admitting to probate and record, as the last will and testament of Mary Hoskins Lewis, deceased, a paper writing dated April 2, 1906, and granting letters testamentary to L. Fleet Luckett, the executor named in said will.

On January 21, 1907, appellee, L. Fleet Luckett, filed his petition below, reciting, *inter alia,* the death of testatrix and that she left no heirs at law or next of kin, so far as he knew, with the exception of appellant, David W. Lewis, husband of said testatrix, and praying that said will be admitted to probate and record, etc.

Thereafter, on February 4, 1907, appellant filed a caveat in opposition, averring fraud and undue influence and mental and physical incapacity. Appellee Luckett filed an answer denying the averments of the caveat, and Miss Jones [the sole beneficiary and residuary legatee under the will, and one of the appellees] filed an answer in the form of a petition, in which she adopted the answer of said Luckett, and further stated that testatrix was at one time the wife of Isaiah Hoskins, deceased, that she subsequently married appellant, who obtained a decree of divorce from bed and board from her, and that petitioner had made due search and inquiry to ascertain the identity of the heirs at law and next of kin of said testatrix and said Hoskins, and, having learned of none, upon information and belief averred that none existed. After asking that said will be admitted to probate, she prayed that "due notice by publication or otherwise, as required by law, be given to the unknown heirs at law" of said testatrix, etc.

These answers were filed July 27, 1907, and on July 31, 1907, issues were framed for trial by jury. Thereafter, on February 3, 1908, the jury, after trial in which appellant as caveator participated, returned a verdict sustaining the will.

On February, 24, 1908, the court signed an order requiring notice by publication to be given to the unknown next of kin and the unknown heirs at law of testatrix and said Hoskins.

On March 17, 1908, appellant moved to vacate said order of July 31, 1907, framing jury issues, and also to vacate all subsequent proceedings, including the verdict of the jury, on the ground that it was apparent on the face of the record that the court, at the time of the framing of said jury issues, was without jurisdiction because there had then been no publication against unknown heirs. The motion was denied, and this appeal followed.

*Mr. John C. Gittings, Mr. Robert E. Mattingly,* and *Mr. J. M. Chamberlin* for the appellant.

*Mr. Lorenzo A. Bailey* and *Mr. James A. Toomey,* for the appellees.                                     ₒ

Mr. Justice ROBB delivered the opinion of the Court:

Appellees move a dismissal of this appeal, on the ground that the appeal bond filed by appellant is dated prior to the date of the final decree in the case, and is therefore, as appellees contend, inapplicable thereto.

The record discloses that, subsequent to the final decree of the court herein, appellees reapproved* the bond theretofore filed, and that the court thereupon accepted and approved said bond. Having expressly waived the point, appellees are not at liberty to press it here. We therefore overrule the motion, without intimating any opinion on the question sought to be raised.

The sole question in this case is whether or not the proceedings under the caveat, in which appellant participated as caveator, and which resulted in a verdict sustaining the will, were void and of no effect because publication against unknown heirs was not made until after the verdict of the jury.

Sec. 130 of the Code [31 Stat. at. L. 1211, chap. 854] requires the court, upon the filing of a petition for probate of a

---

*Appellees' attorneys indorsed on the bond. "This bond is satisfactory to be reapproved."—REPORTER.

will, to issue a citation "to all persons who would be entitled to, or interested in, the estate of the testator in case such will had not been executed," to appear in said court, on a day named, "to show cause why the will should not be probated." If it appears from the return to said petition that notice has been served upon all said persons at least five days before the return day, the court is required to proceed, if no caveat has been filed, to take the proofs of the execution of the will. If any of the parties interested as aforesaid are returned, "Not to be found," the court is required to cause not less than thirty days' notice of the application for such probate to be published for three successive weeks in some newspaper of general circulation in the District, and "shall cause a copy of such publication to be mailed to the last-known postoffice address of each of the parties so returned, Not to be found." It is apparent that this part of sec. 130 deals with persons known to be interested in the estate of the testator in the event the will is not sustained, and not to unknown heirs and next of kin. All doubt as to the correctness of this interpretation is removed by reading the amendment to the section, which provides that "in all cases where it is made to appear to the satisfaction of the court that all or any of the next of kin or heirs at law of the deceased are unknown, such unknown next of kin or heirs at law may be proceeded against and described in the publication of notice hereinbefore provided for as 'the unknown next of kin,' or 'the unknown heirs at law,' as the case may be, of the deceased, and by such publication of such notice under such designation such unknown next of kin and heirs at law shall be as effectually bound and concluded as if known and their names were specifically set forth in said order of publication." [32 Stat. at L. 526, chap. 1329.] The amendment further provides that any will theretofore admitted to probate upon publication of notice to unknown heirs at law or next of kin may, upon petition of any person interested, be admitted to further probate under the proceedings next above referred to, and that the court in such case may make a decree "confirming such previous probate, and such decree so made shall be as effectual as if the said heirs at law or next of kin were named in the order of publication.

Sec. 140 of the Code requires at least ten days' notice to be given the heirs at law or next of kin of the decedent, and all persons claiming under the will, of the time and place of the trial of the issues framed under a caveat, and that each shall be served with a copy of said issues. The section further provides that "if, as to any party in interest, the notification shall be returned, 'Not to be found,' the court shall assign a new day for such trial, and shall order publication," etc.

The petition for the probate of the will in this case states that the testatrix "left no heirs at law or next of kin, with the exception of David W. Lewis, husband of said decedent." Service was duly made upon the said Lewis, and he appeared and filed a caveat, upon which issues were framed and a trial had. Obviously, therefore, the return to the citation could not have stated that any parties known to be interested were "Not to be found." It is also apparent that all persons known to be interested were duly served with notice, as required by sec. 140. But for the subsequent publication against unknown heirs and next of kin, no question could have been raised as to the regularity of the proceedings, because the petition was in due form, in the proper court, and proper notice was given the known heirs. The publication as to the unknown heirs is discretionary with the trial court, and a mere precautionary measure, and does not, in our view, affect the jurisdiction theretofore obtained.

The supreme court of the District holding a probate court has general jurisdiction of all wills presented for probate in this District. *Re Dalgren,* 30 App. D. C. 588. There can be no doubt, therefore, that the court had general jurisdiction of the subject-matter of this controversy. In *Dugan* v. *Northcutt,* 7 App. D. C. 351, it was held that, even assuming that jurisdiction depends upon notice to the next of kin, jurisdiction attaches when any of the persons intended to be notified voluntarily come in and become actors in the proceeding.

In the present case, notice was given all persons known to be interested, and they appeared and submitted to the jurisdiction they now challenge. The court having had jurisdiction of both the subject-matter and the parties, the failure to publish as to

unknown heirs and next of kin until after the trial did not, as against appellant, affect the conclusiveness of the issues determined by the trial.

·We conclude, therefore, that as against appellant the verdict of the jury was final and conclusive, and that the decision below must be affirmed, with costs.                               *Affirmed.*

On application of the appellant, a writ of error to the Supreme Court of the United States was allowed December 1, 1908.